1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO GUTIERREZ, | Case No. 1:12-cv-01826-LJO-DLB PC |
| Plaintiff, | **FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION WITHOUT PREJUDICE** |
| v. | ECF No. 1 |
| KERN COUNTY DISTRICT ATTORNEY, et al., | |
| Defendants. | OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

## I.    Background

Plaintiff Mario Gutierrez ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983.  On November 7, 2012, Plaintiff filed his Complaint.  ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  *Id.* § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  *Id.* § 1915(e)(2)(B)(ii).

1    A complaint must contain "a short and plain statement of the claim showing that the pleader

2  is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

3  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

4  do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550

5  U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a

6  claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).  While factual

7  allegations are accepted as true, legal conclusions are not.  *Id.*

8  **II.    Summary of Complaint and Analysis**

9    Plaintiff is incarcerated at California Medical Facility in Vacaville, California. Plaintiff

10  names as Defendants: the district attorney (DA) for Kern County, and Robert Young, public

11  defender.

12    Plaintiff alleges the following.  In 1998, the Kern County DA gave Plaintiff a strike, using a

13  youth authority case as a prior felony.  Mr. Young had informed Plaintiff that it would not count as a

14  strike.  Plaintiff was attacked by the DA.  The victim had not identified Plaintiff as the one who

15  assaulted him.  Plaintiff requests as relief twelve billion dollars and an investigation.

16    "[A] state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief

17  sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading

18  to conviction or internal prison proceedings) - if success in that action would necessarily

19  demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82

20  (2005).  This principle, known as the favorable termination rule, *see Heck v. Humphrey*, 512 U.S.

21  477, 483-87 (1994), is applicable in this action.  Plaintiff must first demonstrate that the conviction

22  or sentence has been overturned prior to filing a § 1983 action.  *Heck*, 512 U.S. at 483-87.  Because

23  Plaintiff's request for relief, if successful, would result in Plaintiff's duration of confinement being

24  reduced, Plaintiff does not state a cognizable § 1983 claim.  Plaintiff's claim fails as a matter of law.

25    There are no set of facts which can be alleged that will cure the deficiencies in this

26  complaint. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).   Leave to amend should

27  not be granted.  This action should be dismissed without prejudice. *Heck*, 512 U.S. at 487.

28  //

2

III.     **Conclusion and Recommendation**

Based on the foregoing, it is HEREBY RECOMMENDED that

1.   This action is dismissed without prejudice pursuant to *Heck v. Humphrey*, 512 U.S. 477, 483-87 (1994) and;

2.   The Clerk of the Court is directed to close this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   __**May 9, 2013**__                     _____ /s/ *Dennis L. Beck*

UNITED STATES MAGISTRATE JUDGE